**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff , | * | CASE NO. 5:04-CV-____ DF |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 5:94-CR-00080-001 DF |
| ANDY THAM, | * | |
| Defendant. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Tham's "Belated Section 2255 Motion or Nunc Pro Tunc Order" is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

**Procedural History**

Defendant Andy Tham was indicted, tried and convicted in 1994 of Conspiracy to Commit Arson and Mail Fraud in violation of 18 U.S.C. § 844(i), Arson in violation of 18 U.S.C. § 844(i), and Mail Fraud in violation of 18 U.S.C. § 1341. He was sentenced to serve 168 months imprisonment on September 29, 1995. (R1-53). Tham appealed his convictions and sentence to the 11th Circuit Court of Appeals where the same were Affirmed on October 31, 1997. (R1-57). Thereafter, on December 8, 1999, Tham filed his first Motion to Vacate, Set Aside, and Correct Sentence pursuant to 28 U.S.C. §2255. (R1-58). This Motion was denied on January 14, 2000. (R1-60). After a failed attempt to appeal the district court's ruling on his Section 2255 Motion, Tham filed an Application in the 11th Circuit Court of

Appeals For Leave to File a Second or Successive Section 2255 Motion to Vacate. On August 22, 2000, the 11th Circuit Court of Appeals entered its decision Denying Defendant's Application For Leave to File a Second or Successive Section 2255 Motion. (R1-67), holding:

> In his application, Tham alleges that both of the claims that he wishes to raise in a second or successive motion to vacate rely on a new rule of law established by the Supreme Court in *Apprendi v. New Jersey,* 120 S.Ct. 2348, 2362-63 (2000)(holding that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Regardless of whether *Apprendi* established a "new rule of constitutional law," or whether *Apprendi* applies to Tham's conviction or sentence, the Supreme Court's holding in *Apprendi* has not been "made retroactive to cases on collateral review by the Supreme Court," as required by § 2255. Thus, Tham's claims do not meet the statutory criteria. Accordingly, because Tham has failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.

On July 11, 2002, Tham filed a MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(4) and (5). (R1-68). That Motion was denied on October 2, 2002 (R1-75). Petitioner Tham then, on February 10, 2003, filed a Motion To Modify Sentence Under 18 U.S.C. § 3582(c)()2). (R1-77). Attention to this motion was delayed by the Petitioner's involvement with the Eleventh Circuit Court of Appeals in regard to previous matters. On March 19, 2004, Petitioner filed a second Rule 60(b) Motion to modify his sentence. (R1-83). The district court denied both this motion and Petitioner's § 3582 Motion on April 27, 2004. (R1-87). Petitioner Tham again attempted an appeal which was dismissed by the Eleventh Circuit

Court on June 8, 2004. (R1-90).

Petitioner Tham filed what he has denominated a "Belated Section 2255 Motion or Nunc Pro Tunc Order" on June 9, 2004. (R1-91). He has moved to amend the same (R1-92). Petitioner's brief Motion states that he seeks an "order to vacate the illegal conviction and sentence imposed for Second Degree Murder ... This Court has authority on its on motion to vacate, as the record clearly reflects, a conviction for Second Degree Murder and a sentence for the same."

## Conclusion of Law

Petitioner Tham does not state by what authority this court might on its own motion simply vacate his conviction and sentence. What is clear is that his "Belated Section 2255 Motion" is without certification from the Eleventh Circuit Court of Appeals as required to authorize this court to address the motion. Title 28, U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See In re: Dean,* 341 F.3d 1247, 1248 (11th Cir. 2003). This court is without jurisdiction to review the matter until authorized to do so by the United States Court of Appeals for the Eleventh Circuit.

WHEREFORE, IT IS RECOMMENDED that Defendant Tham's "Belated Section 2255 Motion" be dismissed as an unauthorized second or successive Section 2255 Motion, and that his Motion For Leave to Amend be denied as moot. Pursuant to 28 U.S.C. § 636

(b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, **WITHIN TEN (10) DAYS** after being served with a copy hereof.

SO RECOMMENDED this 17th day of February 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE